UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------x
:
EDWIN BLANCO,                             : Case No. 1:25-cv-502
:
          *Plaintiff*,          : **COMPLAINT FOR COPYRIGHT**
: **INFRINGEMENT**
v.                                        :
:
DANIEL M. KEEM,                           :
:
          *Defendant.*         : *JURY TRIAL DEMANDED*
:
------------------------------------------x

    Plaintiff Edwin Blanco, for his Complaint against Defendant Daniel M. Keem, professionally known as Keemstar, alleges as follows:

## JURISDICTION

    1.    This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

    2.    Plaintiff Edwin Blanco is a freelance photographer and regularly licenses photographs to numerous top-tier outlets. Throughout his illustrious career, he has had the privilege of working with an array of globally recognized and prestigious clients, including industry leaders and iconic brands. His exceptional talent in photography has been sought after by countless celebrities throughout the world. These collaborations underscore Mr. Blanco's unmatched talent and impeccable reputation within the industry. His photographs have graced

1

magazine covers and marketing materials of world-renowned brands, a testament to his remarkable skill and ability to consistently deliver extraordinary visual content.

3. Mr. Blanco often licenses his photographs for a variety of reasons, including for celebrity news stories.

4. Mr. Blanco is domiciled in the State of California and resides in Los Angeles.

5. Defendant Daniel Keem is an American YouTuber, podcaster, and streamer who is better known professionally as "Keemstar." Mr. Keems is mainly known as the host of the Internet pop culture news show called "DramaAlert."

6. DramaAlert is a media enterprise, holding itself out as "Your #1 source for news on the social interactions in online entertainment!"

7. On information and belief, Mr. Keems owns and controls the social media account @dramaalert on Instagram, or is otherwise responsible for the content that appears on it.

8. This Court therefore has personal jurisdiction over Mr. Keems because, on information and belief, he is domiciled in the State of New York and resides in Western New York, in this judicial district.

9. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

10. Mr. Blanco owns and holds the copyright in a series of photographic images depicting American media personality Bryce Hall in the aftermath of an automobile accident involving a drunk driver (the "Images").

11. Within 90 days of first publication, the Images were registered with the U.S. Copyright Office as Reg. No. VA 2-306-613 (eff. Jan. 14, 2022).

12. Plaintiff did not license the Images to defendant. But defendant used one of the Images, which showed Mr. Hall on the street next to a damaged vehicle (the "Infringed Image"), without authorization or permission to do so, and without paying a license fee.

13. Specifically, on June 13, 2022, the same day the Images were first published, Mr. Keem or someone working on his behalf, at his direction, or within his control copied the Infringed Image and posted it to the Instagram account @dramalert.

14. The Images are distinctive, and—as evidenced by defendant's unauthorized use of the Infringed Image—valuable, because it depicted a famous person in a newsworthy situation. Because of the Images' subject matter and newsworthiness, plaintiff earned revenue from licensing them and stood to gain more revenue from licensing.

15. In fact, the Images were marketed and sold as "Premium-Exclusive" photographs. "Premium-Exclusive" photographs are likely to be extremely popular and in high demand because they depict top celebrities or highly newsworthy situations, or because they are available only from a single photo agency (directly or through agents) in that no other photographers captured the celebrity or event, or both. Here, the Images involved a celebrity, depicted a highly newsworthy situation, and were only available from a single source because plaintiff was the only photographer on the scene.

16. Premium-Exclusive photographs are more valuable and are licensed for a higher fee, sometimes significantly higher (such as $10,000 to $50,000 or more, and higher if the licensee wants a period of exclusivity where no other licensee can display the photographs).

17. Defendant's unauthorized use of the Infringed Image harmed the existing and future market for the Images. Defendant's Instagram posts made the Infringed Image

immediately available to DramaAlert's hundreds of thousands of followers and to the public, including consumers of entertainment news who would otherwise be interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are plaintiffs' customers and competitors of defendant.

18. Defendant's unauthorized use of the Infringed Image also harms plaintiff's business model by driving down the prices for legitimately licensed celebrity images and driving away plaintiff's actual and potential customers. Plaintiff's customers—among them, media companies who compete with defendant and pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on publicly available websites and social media.

19. In addition, defendant's unauthorized use of the Infringed Image is commercial in nature. DramaAlert uses its Instagram feed for the purposes of promotion—specifically, to promote brand awareness of its business interests and to attract and drive users to its media properties, where it derives revenue from advertisements.

20. As a media company, defendant operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, defendant was aware of the importance of copyright protection and knew that he needed to have but did not have permission to use any of the Images, and/or he acted recklessly by posting one of the Images without determining the right to do so.

## CLAIM ONE

### Copyright Infringement

21. All prior paragraphs are incorporated into this claim.

22. Plaintiff is the copyright owner of the Infringed Image named in this Complaint.

23. Defendant reproduced, displayed, or otherwise copied the Infringed Image without plaintiff's authorization or license.

24. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, create derivative works, and distribute its work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

25. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

26. Plaintiff has suffered damages as a result of defendant's unauthorized use of the Infringed Image.

27. Having timely registered copyright in the Images, including the Infringed Image, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

28. Plaintiff alleges, on information and belief, that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

29. In the alternative, plaintiff is entitled to recovery of his actual damages and defendant's profits attributable to the infringement, under 17 U.S.C. § 504(b).

30.     Within the time permitted by law, plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

31.     Plaintiff is also entitled to an award of attorney fees and other expenses under 17 U.S.C. § 412 and § 505.

## CLAIM TWO

### Vicarious and/or Contributory Copyright Infringement

32.     All prior paragraphs are incorporated into this claim.

33.     If defendant is not liable as direct infringer of the Infringed Image, he is secondarily liable for the infringement directly committed by individual employees, contractors, or other infringers presently unknown (the "Direct Infringers").

34.     Defendant contributed to, induced, or assisted infringement by the Direct Infringers. Those Direct Infringers infringed while acting under defendant's direction and control and/or using technology, facilities, and support services provided by defendant.

35.     Defendant had, or should have had, knowledge of the infringement of the Direct Infringers. Further, defendant had the right and ability to supervise the infringing activity of the Direct Infringers because the infringements occurred on a social media account that he owns and controls.

36.     Defendant obtained some financial benefit from the infringement of plaintiff's rights in the Infringed Image because it was a draw for viewers to the social media account, regardless of the revenue received from any specific use, and because the social media accounts were for the purpose of marketing defendant's media enterprise. Accordingly, defendant had an incentive to permit and even encourage infringement by the Direct Infringers.

37. As a direct and proximate result of said acts of secondary infringement, plaintiff has suffered damages in an amount to be proven at trial.

38. Having timely registered copyright in the Infringed Image, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work.

39. Plaintiff alleges, on information and belief, that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

40. In the alternative, plaintiff is entitled to recovery of his actual damages and defendant's profits attributable to the infringement of the Infringed Image, under 17 U.S.C. § 504(b).

41. Within the time permitted by law, Plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

42. Plaintiff is also entitled to an award of attorney fees and other expenses under 17 U.S.C. § 412 and § 505.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment against defendant as follows:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with him from further copying or displaying the Infringed Image or any of the other Images;

B.  For an order requiring defendants to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C.  As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images, including the Infringed Image, used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

D.  For actual damages and all profits derived from the unauthorized use of the Infringed Image or, where applicable and at plaintiff's election, statutory damages;

E.  For an award of pre-judgment interest as allowed by law;

F.  For reasonable attorney fees, court costs, and all other costs and expenses authorized or permitted under law;

H.  For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues permitted by law.

Dated: New York, New York
       June 11, 2025

PERKOWSKI LEGAL, PC

By:  /s/ Peter Perkowski
     Peter E. Perkowski (NY Bar Id #5934765)
515 S. Figueroa Street, Suite 1800
Los Angeles, CA 90071
Tel: (213) 340-5796
peter@perkowskilegal.com

*Counsel for Plaintiff EDWIN BLANCO*